PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
JESHAWNA R. HARRELL, ESQ. (STATE BAR NO. 257773)
GEORGE S. KHOURY (STATE BAR NO. 269738)
PRICE AND ASSOCIATES
A Professional Law Corporation
The Latham Square Building
1611 Telegraph Avenue, Ste. 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625
E-mail: pypesq@aol.com

JOHN L. BURRIS (STATE BAR NO. 69888)
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Ste. 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
E-mail: john.burris@johnburrislaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVETT FOBBS, AS GUARDIAN AD LITEM FOR STEVE S., A MINOR, TEOLA COLEMAN, AS GUARDIAN AD LITEM FOR JESS L., A MINOR, AUZALEA GODFREY, AS GUARDIAN AD LITEM FOR ASSATA G. AND ELISA G., MINORS, TEREESE SANDERS AS GUARDIAN AD LITEM FOR JONATHAN J., A MINOR, TOYNICA LEDBETTER-FRANKLIN AS GUARDIAN AD LITEM FOR KHALIF L., A MINOR, TIWANA SMITH, AS GUARDIAN AD LITEM FOR TONSA W. AND TRACY W., MINORS, DAVID G., ROBBIE J, D'ANGELO COLE AND DANNY GODFREY, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED,<br><br>Plaintiffs,<br>v.<br><br>NEW HAVEN UNIFIED SCHOOL DISTRICT, PAT JAUREQUI, INDIVIDUALLY, DON MONTOYA, INDIVIDUALLY, MARCUS LAM, INDIVIDUALLY, GRACE KIM, INDIVIDUALLY, AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendants. | NO. C10-01065 PJH<br>[Related to Case No. C09-0687 PJH]<br>[Related to Case No. C09-2723 PJH]<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND RACE DISCRIMINATION**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff STEVE S., a Minor, by and through Plaintiff ALVETT FOBBS, his Mother and Guardian Ad Litem, Plaintiff JESS L., a Minor, by and through Plaintiff TEOLA COLEMAN, his Mother and Guardian Ad Litem, Plaintiffs ASSATA G. and ELISA G., Minors, by and through Plaintiff AUZALEA GODFREY, their Mother and Guardian Ad Litem, Plaintiff JONATHAN J., a Minor, by and through Plaintiff TEREESE SANDERS, his Sister and Guardian Ad Litem, Plaintiff KHALIF L., a Minor, by and through Plaintiff TOYNICA LEDBETTER-FRANKLIN, his Mother and Guardian Ad Litem, Plaintiffs TONSA W. and TRACY W., Minors, by and through Plaintiff TIWANA SMITH, their Mother and Proposed Guardian Ad Litem,  DAVID G., ROBBIE J., D'ANGELO COLE AND DANNY GODFREY, and their attorneys, respectfully allege as follows:

**PARTIES**

1.      Plaintiff STEVE S. is the minor child of ALVETT FOBBS.  STEVE S. and ALVETT FOBBS are both African-American citizens of the United States.  STEVE S. brings this action under a fictitious name because he is a minor and to protect his identity due to the nature of his causes of action which involve racial harassment and physical attacks.  Plaintiffs were, and no longer are, residents of Union City, County of Alameda.

2.      Plaintiff JESS L. is the minor child of TEOLA COLEMAN.  JESS L. and TEOLA COLEMAN are both African-American citizens of the United States.  JESS L. brings this action under a fictitious name because he is a minor and to protect his identity due to the nature of his causes of action which involve racial harassment and physical attacks.  Plaintiffs were, and no longer are, residents of Union City, County of Alameda.

3.      Plaintiff ASSATA G. is the minor child of AUZALEA GODFREY.  ASSATA G. and AUZALEA GODFREY are both African-American citizens of the United States.  ASSATA G. brings this action under a fictitious name because she is a minor and to protect her identity due to the nature of her causes of action which involve racial harassment and physical attacks.  Plaintiffs at all times mentioned herein, were residents of Union City, County of Alameda.

4.      Plaintiff ELISA G. is the minor child of AUZALEA GODFREY.  ELISA G. and AUZALEA GODFREY are both African-American citizens of the United States.  ELISA G. brings this action under a fictitious name because she is a minor and to protect her identity due to the nature of her

causes of action which involve racial harassment and physical attacks. Plaintiffs are, and at all times mentioned herein were, residents of Union City, County of Alameda.

5. Plaintiff ROBBIE J. is the brother of TEREESE SANDERS. He is an African-American. ROBBIE J. brings this action under a fictitious name to protect his identity due to the nature of his causes of action which involve racial harassment and physical attacks. Plaintiff was, but no longer is a resident of Union City, County of Alameda.

6. Plaintiff JONATHAN J. is the minor brother of TEREESE SANDERS. JONATHAN J. and TEREESE SANDERS are both African-American citizens of the United States. JONATHAN J. brings this action under a fictitious name because he is a minor and to protect his identity due to the nature of his causes of action which involve racial harassment and physical attacks. Plaintiffs were, and no longer are, residents of Union City, County of Alameda.

7. Plaintiff KHALIF L. is the minor child of TOYNICA LEDBETTER-FRANKLIN. KHALIF L. and TOYNICA LEDBETTER-FRANKLIN are both African-American citizens of the United States. KHALIF L. brings this action under a fictitious name because he is a minor and to protect his identity due to the nature of his causes of action which involve racial harassment and physical attacks. Plaintiffs are, and at all times mentioned herein were, residents of Union City, County of Alameda.

8. Plaintiff DAVID G. is an African-American citizen of the United States, and a resident of Union City, County of Alameda. DAVID G. brings this action under a fictitious name to protect his identity due to the nature of his causes of action which involve racial harassment and physical attacks.

9. Plaintiff D'ANGELO COLE is an African-American citizen of the United States, and a resident of Union City, County of Alameda.

10. Plaintiff DANNY GODFREY is an African-American citizen of the United States, and a resident of Union City, County of Alameda.

11. Plaintiff TONSA W. is the minor child of TIWANA SMITH. TONSA W. and TIWANA SMITH are both African-American citizens of the United States. TONSA W. brings this action under a fictitious name because she is a minor and to protect her identity due to the nature of her

causes of action which involve racial harassment and physical attacks. Plaintiffs were, and no longer are, residents of Union City, County of Alameda.

12. Plaintiff TRACY W. is the minor child of TIWANA SMITH. TRACY W. and TIWANA SMITH are both African-American citizens of the United States. TRACY W. brings this action under a fictitious name because she is a minor and to protect her identity due to the nature of her causes of action which involve racial harassment and physical attacks. Plaintiffs were, and no longer are, residents of Union City, County of Alameda.

13. Defendant NEW HAVEN UNIFIED SCHOOL DISTRICT (hereinafter referred to as "NHUSD") is, and at all times mentioned herein was, the School District where Plaintiffs resided when the incidents complained of occurred, and is located at 725 Whipple Road, Union City, California. Plaintiffs are informed and believe and thereon allege that Defendant NHUSD is duly organized and existing under the Constitution and the laws of the State of California.

14. Defendant PAT JAUREQUI was during most of the times mentioned herein the Superintendent of Schools for Defendant NHUSD. Defendant JAUREQUI is being sued in her official capacity as the Superintendent of Schools for Defendant NHUSD and in her individual capacity pursuant to 42 U.S.C. Section 1983.

15. Defendant MARCUS LAM was during most of the times mentioned herein the Principal of Logan High School. Defendant LAM is being sued in his individual capacity pursuant to 42 U.S.C. Section 1983.

16. Defendant DON MONTOYA was during most of the times mentioned herein the Assistant Principal of Logan High School. Defendant MONTOYA is being sued in his individual capacity pursuant to 42 U.S.C. Section 1983.

17. Defendant GRACE KIM is, and was during most of the times mentioned herein, an Assistant Principal of Logan High School. Defendant KIM is being sued in her individual capacity pursuant to 42 U.S.C. Section 1983.

18. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is

responsible in some manner for the occurrences alleged herein, and that Plaintiffs' injuries were proximately caused by their conduct. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

## CLASS ACTION ALLEGATIONS

19.    Plaintiffs bring this complaint pursuant to Code of Civil Procedure Section 382 on behalf of themselves and all similarly situated African-American students. This class is composed of all present, past and future African-American students of the New Haven Unified School District between the ages of thirteen to twenty-four, who have been, or could be subjected to racial harassment or racially motivated violence or threats of violence in and/or around any educational institution with Defendant NHUSD since January 2004. The action satisfies the numerosity, typicality, adequacy, commonality, predominance and superiority requirements of Code of Civil Procedure Section 382.

20.    The members of this class are so numerous as to make joinder impracticable. Plaintiffs are informed and believe, and thereon allege that the number of class members exceeds one hundred and one (101). The claims of the representative parties are typical of the claims of the class, and the representative parties will fairly and adequately represent the interests of the class.

21.    Common questions of fact and law exist as to all members of the class and sub-class. The questions predominate over any questions affecting individual members of the class. These common legal and factual questions do not vary from class member to class member and may be determined without reference to the individual circumstances of any class member.

22.    Plaintiffs' claims are typical of the claims of the members of the class and the representative Plaintiffs' interests are coincident with and not antagonistic to those of the other class members they seek to represent. Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs have retained counsel experienced in the prosecution of civil rights violations and class actions. Plaintiffs intend to prosecute this action vigorously.

23.    There are numerous African-American students who have been discriminated against by Defendant NHUSD on account of their race, but who have not filed discrimination complaints or joined in this suit because of fear of recrimination on the part of Defendant NHUSD.

24.    There is a well-defined community of interest in the questions of law and fact

involved affecting the parties to be represented in that these students were subjected to severe and pervasive racial harassment in, on and about school premises with the knowledge, consent and acquiescence of NHUSD's administrators and senior officials. This racial harassment existed and persisted for an extended period of time, such that a racially hostile environment for African-American students was created throughout the NHUSD during the relevant time period. NHUSD's policies, practices and procedures denied Plaintiffs and members of the class any remedy or right to even seek relief from the hostile environment. Proof of a common state of facts will establish the right of each class member to recover damages.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to said individual members, thereby establishing incompatible standards of conduct for Defendant NHUSD. Individual class members do not have a cognizable interest in pursuing individual actions against Defendants. Individualized litigation would be unduly burdensome to the courts in which they would proceed. Additionally, individual actions could result in contradictory and inconsistent judgments that would magnify the delay and expenses to all parties and to the court system resulting from multiple trials of the same factual and legal issues.

26. Due to the predominance of common issues among the class members along with the availability of adequate records regarding the class membership, the conduct of this litigation as a class action will encounter no significant manageability obstacles.

27. In allowing other students and non-students to engage in racial harassment so as to create a hostile educational environment for African-American students, and refusing to take prompt preventive and remedial steps, NHUSD acted on grounds generally applicable to the class, thereby making injunctive or corresponding declaratory relief appropriate to the class as a whole.

**STATEMENT OF FACTS**

28. During most of the relevant times mentioned herein when the incidents complained of occurred, Plaintiffs STEVE S., JESS L., ASSATA G., ELISA G., ROBBIE J., JONATHAN J., KHALIF L., DAVID G., TONSA W., TRACY W., D'ANGELO COLE and DANNY

1  GODFREY were students within the NHUSD.  The events at issue herein took place both in, at or
2  around James Logan High School, New Haven Adult School, Caesar Chavez Middle School and
3  Bernard White Middle School in Union City, California, and Conley Carbello High School in Hayward,
4  California, which are, and were, part of the NHUSD.

5        29.    Throughout all of the time encompassed by the allegations herein, up to and
6  including the present, Defendants have discriminated against STEVE S., JESS L., ASSATA G., ELISA
7  G., ROBBIE J., JONATHAN J., KHALIF L., DAVID G., TONSA W., TRACY W., D'ANGELO
8  COLE, DANNY GODFREY and other similarly-situated African-American students on the basis of
9  race, in violation of their civil rights under the United States Constitution.

10        30.    On December 21, 2007, Vernon Eddins, while lawfully on the premises of
11  Bernard White Middle School, was shot and killed.  STEVE S., JESS L., ROBBIE J., JONATHAN J.,
12  KHALIF L., DAVID G., TONSA W., TRACY W., and D'ANGELO COLE were close personal friends
13  of Mr. Eddins.  STEVE S., JESS L. and ROBBIE J. were present at the time of Mr. Eddins' murder,
14  and were also targets who barely escaped death and/or serious injury during the incident.

15        31.    Prior to this incident, NHUSD was aware of on-going, racially motivated
16  violence and threats of violence, including shootings, directed against STEVE S., JESS L., ROBBIE J.,
17  JONATHAN J., KHALIF L., DAVID G., TONSA W., TRACY W., D'ANGELO COLE, DANNY
18  GODFREY and other similarly-situated African-American students, and had specifically been informed
19  that acts of violence against African-American students would take place on or near school grounds on
20  December 21, 2007.  NHUSD had a duty to protect persons at said location, including but not limited
21  to, STEVE S., JESS L., ROBBIE J., JONATHAN J., KHALIF L. and Mr. Eddins, from such acts of
22  violence.

23        32.    Subsequent to the murder of Mr. Eddins, Plaintiffs and other similarly-situated
24  African-American students continued to be subjected to racial violence and intimidation at and around
25  school, before, during and after school.

26        33.    On April 9, 2009, KHALIF L. was physically attacked by a Latino gang member
27  because of his race inside Logan High School in front of the Principal's office.

28        34.    On or about December 17, 2008, Plaintiff STEVE S. presented to NHUSD by

certified mail an Application for Late Claim which detailed the injuries, losses and damages suffered and incurred by reason of the above-described occurrences, all in compliance with the requirements of Sections 900 through 915.4 of the California Government Code.

35.   On or about December 19, 2008, NHUSD rejected STEVE S.'s claim.  (A copy of the Notice of Rejection is attached hereto as Exhibit A and made a part hereof.)

36.   STEVE S. has complied with all applicable administrative claim requirements under California law.

37.   On or about February 23, 2010, Plaintiff KHALIF L. presented to NHUSD an Application for Late Claim and a claim which detailed the injuries, losses and damages suffered and incurred by reason of the above-described occurrences, all in compliance with the requirements of Sections 900 through 915.4 of the California Government Code.

38.   On or about February 25, 2010, NHUSD improperly rejected KHALIF L.'s application to file a late claim.  On June 14, 2010, the Alameda County Superior Court issued an Order authorizing KHALIF L. to bring suit on his tort claims.

39.   KHALIF L. has complied with all applicable administrative claim requirements under California law.   (A copy of the Notice of Rejection is attached hereto as Exhibit B and made a part hereof; a copy of the Alameda County Superior Court Order filed on June 14, 2010 is attached hereto as Exhibit C and made a part hereof.)

40.   At all times herein mentioned, Defendant NHUSD intentionally failed to take reasonable, adequate, necessary, and proper measures to secure and safeguard its premises and to protect the safety of its students, including but not limited to, STEVE S., JESS L., KHALIF L., ROBBIE J., JONATHAN J., DAVID G., TONSA W., TRACY W. and Mr. Eddins.  Defendant NHUSD's customs, practices and policies were the proximate and legal cause of Mr. Eddins' death and the damages to the Plaintiffs, as herein alleged.

41.   Plaintiffs are informed and believe and thereon allege that NHUSD never took any action in response to their complaints or the complaints of other African-American parents.

42.   As a direct consequence of NHUSD's failure to take prompt effective remedial

action, STEVE S., JESS L., ASSATA G., ELISA G., ROBBIE J., JONATHAN J., KHALIF L., DAVID G., TONSA W., TRACY W., D'ANGELO COLE, DANNY GODFREY and all similarly-situated African-American students were deprived of an educational environment free of racial bias, racial harassment and violence, and discriminatory animus.

43. Commencing in or about October 2007, TIWANA SMITH enrolled TONSA W. and TRACY W. at schools outside Union City, in order to remove them from contact with any person who might threaten or assualt them on the basis of their race. At the same time, TIWANA SMITH was forced to move from Union City because of concerns for her daughters' safety and well being.

44. Commencing in or about January 2008, ALVETT FOBBS enrolled STEVE S. at Arroyo High School in the City of San Lorenzo, County of Alameda, California, which is outside Plaintiffs' residential area, in order to remove him from any contact with any persons who might threaten or assault him on the basis of his race. STEVE S. was forced to attend Arroyo High School, rather than a school within the NHUSD, which he normally would have attended, because of concerns for his safety and well-being.

45. Commencing in or about August 2008, TEOLA COLEMAN enrolled JESS L. at San Leandro High School in the City of San Leandro, County of Alameda, California, which is outside Plaintiff's residential area, in order to remove him from any contact with any persons who might threaten or assault him on the basis of his race. JESS L. was forced to attend San Leandro High School, rather than a school within the NHUSD, which he normally would have attended, because of concerns for his safety and well-being.

46. Commencing in or about September 2009, TOYNICA LEDBETTER-FRANKLIN enrolled KHALIF L. in another school outside of Plaintiffs' residential area, in order to remove him from any contact with any persons who might threaten or assault him on the basis of his race. KHALIF L. was forced to relocate to another city to attend school, rather than a school within the NHUSD, which he normally would have attended, because of concerns for his safety and well-being.

**DAMAGES**

47. As a result of the acts and omissions alleged herein, STEVE S., JESS L., ASSATA G., ELISA G., ROBBIE J., JONATHAN J., KHALIF L., DAVID G., TONSA W., TRACY

W., D'ANGELO COLE, DANNY GODFREY and all similarly-situated African-American students were denied the benefits of Defendant NHUSD's educational services, including equal educational opportunities on the basis of their race.

48. As a proximate result of Defendant NHUSD's actions as alleged herein, STEVE S., JESS L., ASSATA G., ELISA G., ROBBIE J., JONATHAN J., KHALIF L., DAVID G., TONSA W., TRACY W., D'ANGELO COLE and DANNY GODFREY were humiliated, hurt and injured in their health, strength and activity, sustaining injuries to their nervous systems and persons, and have suffered and will continue to suffer in the future, severe mental anguish and emotional distress, anxiety, worry, incidental damages and out-of-pocket expenses, all to their damage in an amount in excess of $5,000,000.00 to be shown according to proof. Said Plaintiffs have suffered, in addition to the above, injury, illness and sickness as a result of Defendants' conduct.

49. KHALIF L. incurred medical and psychotherapy expenses as a result of his injuries, and has suffered special damages for medical services and treatment in an amount to be shown according to proof. Plaintiff Khalif L. has suffered, in addition to the above, injury, illness and sickness as a result of Defendants' conduct.

50. As a further proximate result of the acts of the Defendants and each of them as alleged herein, STEVE S., JESS L., ROBBIE J., JONATHAN J., KHALIF L., DAVID G., D'ANGELO COLE and DANNY GODFREY's academic interests suffered considerably. At various times during their attendance at schools operated by Defendant NHUSD, STEVE S., JESS L., ROBBIE J., JONATHAN J., KHALIF L. and DAVID G. expressed lethargy and reluctance to attend school because of their reasonable fears of assault and injury, whereas they previously expressed enthusiasm. The injuries inflicted by NHUSD have fundamentally altered and impaired STEVE S., JESS L., ASSATA G., ELISA G., ROBBIE J., JONATHAN J., KHALIF L., DAVID G., TONSA W., TRACY W., D'ANGELO COLE and DANNY GODFREY's entire educational experience and undermined their academic progress.

51. Defendant NHUSD has exacerbated Plaintiffs' emotional and physical suffering by (1) refusing to acknowledge that racially-motivated attacks against African-American students have occurred in and around its premises with frequency and/or the serious nature of the incidents; (2) failing

to promptly and effectively remedy the underlying discriminatory and harassing actions; and (3) ratification of the discriminatory harassment.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. SECTION 2000d
## TITLE VI

52. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 51, as though fully set forth at length herein.

53. Defendant NHUSD, by its conduct alleged herein, intentionally, wilfully and without justification did deprive Plaintiffs and all similarly-situated African-American students, on the basis of their race, of their rights and privileges secured to them by the laws of the United States, particularly their right to be free from discrimination in education on the basis of their race as provided by Title VI of the 1964 Civil Rights Act (42 U.S.C. Section 2000d).

54. Defendant NHUSD, despite knowledge and adequate opportunity to learn of the hostile educational environment, acted with deliberate indifference toward the constitutional rights and safety and security of the Plaintiffs and other similarly-situated African-American students.

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION:
## VIOLATION OF 42 U.S.C. § 1983
## (EQUAL PROTECTION AGAINST INDIVIDUALS)

55. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 54, as though fully set forth at length herein.

56. This cause of action is brought by Plaintiffs against Defendants PAT JAUREQUI, MARCUS LAM, DON MONTOYA, GRACE KIM and DOES 1 THROUGH 15, in their individual capacities only.

57. In doing each and all of the acts alleged herein, Defendants were acting under color of state law.

58. Defendants knowingly and wilfully ignored complaints by Plaintiffs and other similarly situated African-American students and parents about rampant racial harassment, and refused to enforce the law against the perpetrators despite their obligation to do so. In so refusing, Defendants were deliberately indifferent to Plaintiffs and all similarly situated African-American students who were

placed in extremely offensive and dangerous situations. Defendants were aware that the perpetrators targeted Plaintiffs and similarly-situated African-American students because of their race. Plaintiffs' race was a motivating factor for Defendants' refusal to prevent or remedy the racial harassment.

59. Defendants, by their conduct herein alleged, intentionally, wilfully and without justification, did deprive Plaintiffs and all similarly situated African-American students of their rights, privileges and immunities secured to them by the Constitution and the laws of the United States, including but not limited to their rights to equal protection as provided by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

60. Defendant PAT JAUREQUI knew that African-American students attending schools with the New Haven Unified School District were being racially harassed, intimidated, assaulted and attacked, creating a racially hostile educational environment. During her tenure as Superintendent of Schools, Defendant JAUREQUI allowed the perpetrators to subject African-American students to racial harassment without any consequences for their actions.

61. Defendant JAUREQUI had the authority and responsibility as the Superintendent of Schools to address the overwhelming problem of racial harassment. Defendant JAUREQUI deliberately refused to do so, turning a blind eye to the complaints and concerns of the Plaintiffs and their parents. Defendant JAUREQUI actively tried to minimize and conceal the impact of racial harassment on African-American students. Defendant JAUREQUI deliberately and intentionally tried to make it appear as if Plaintiffs were exaggerating and fabricating reports of racial harassment. The Plaintiffs' race was a motivating factor in Defendant JAUREQUI's refusal to take action to stop the racial harassment.

62. Defendant MARCUS LAM knew that African-American students attending schools with the New Haven Unified School District were being racially harassed, intimidated, assaulted and attacked, creating a racially hostile educational environment. During his tenure as Principal of Logan High School, Defendant LAM allowed the perpetrators to subject African-American students to racial harassment without any consequences for their actions.

63. Defendant LAM had the authority and responsibility as Principal to address the overwhelming problem of racial harassment. Defendant LAM deliberately refused to do so, turning a

blind eye to the complaints and concerns of the Plaintiffs and their parents. Defendant LAM actively tried to minimize and conceal the impact of racial harassment on African-American students. Defendant LAM deliberately and intentionally tried to make it appear as if Plaintiffs were exaggerating and fabricating reports of racial harassment. The Plaintiffs' race was a motivating factor in Defendant LAM's refusal to take action to stop the racial harassment.

64. Defendant DON MONTOYA knew that African-American students attending schools with the New Haven Unified School District were being racially harassed, intimidated, assaulted and attacked, creating a racially hostile educational environment. During his tenure as Assistant Principal of Logan High School, Defendant MONTOYA allowed the perpetrators to subject African-American students to racial harassment without any consequences for their actions.

65. Defendant MONTOYA had the authority and responsibility as Assistant Principal to address the overwhelming problem of racial harassment. Defendant MONTOYA deliberately refused to do so, turning a blind eye to the complaints and concerns of the Plaintiffs and their parents. Defendant MONTOYA actively tried to minimize and conceal the impact of racial harassment on African-American students. Defendant MONTOYA deliberately and intentionally tried to make it appear as if Plaintiffs were exaggerating and fabricating reports of racial harassment. The Plaintiffs' race was a motivating factor in Defendant MONTOYA's refusal to take action to stop the racial harassment.

66. Defendant GRACE KIM knew that African-American students attending schools with the New Haven Unified School District were being racially harassed, intimidated, assaulted and attacked, creating a racially hostile educational environment. During her tenure as an Assistant Principal of Logan High School, Defendant KIM allowed the perpetrators to subject African-American students to racial harassment without any consequences for their actions.

67. Defendant KIM had the authority and responsibility as an Assistant Principal to address the overwhelming problem of racial harassment. Defendant KIM deliberately refused to do so, turning a blind eye to the complaints and concerns of the Plaintiffs and their parents. Defendant KIM actively tried to minimize and conceal the impact of racial harassment on African-American students. Defendant KIM deliberately and intentionally tried to make it appear as if Plaintiffs were exaggerating

and fabricating reports of racial harassment.  The Plaintiffs' race was a motivating factor in Defendant KIM's refusal to take action to stop the racial harassment.

**WHEREFORE**, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### VIOLATION OF UNRUH ACT
### (PLAINTIFFS AGAINST NHUSD)

68.     Plaintiffs refer to and incorporate by reference Paragraphs 1 through 67, though fully set forth at length herein.

69.     In doing each and all of the acts alleged herein, Defendant NHUSD intentionally denied STEVE S., JESS L.,  ASSATA G., ELISA G., ROBBIE J., JONATHAN J., KHALIF L., DAVID G.,  TONSA W., TRACY W., D'ANGELO COLE and DANNY GODFREY and other African-American students equal access to a business establishment, to wit, a public school, on the basis of their race in violation of Civil Code Sections 51 and 52.

70.     Defendant's conduct, as alleged herein, deprived Plaintiffs and other African-American students of equal access to education by having the purpose and/or effect of negatively impacting their academic performance, and creating an intimidating, racially hostile, and offensive educational environment.

**WHEREFORE**, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE - PREMISES LIABILITY
### (PLAINTIFFS AGAINST NHUSD)

71.     Plaintiffs refer to and incorporate by reference Paragraphs 1 through 70, though fully set forth at length herein.

72.     Defendant NHUSD had actual constructive notice of the existence of a dangerous condition of its property in sufficient time prior to the injury to have corrected it.  Defendant NHUSD failed to take reasonable, adequate, necessary, and proper measures to secure and safeguard its premises and to protect the safety of African-American students, including but not limited to the named student Plaintiffs, and Mr. Eddins, and its failure to do so was a proximate and legal cause of Mr. Eddins' death.  STEVE S., JESS L. and ROBBIE J. were present when Mr. Eddins was killed, and suffered emotional distress beyond that which would be anticipated in a disinterested witness.  As Mr. Eddins'

best friends and targets of the same racist violence directed at Mr. Eddins, STEVE S., JESS L. and ROBBIE J. were traumatized and devastated by the killing of Mr. Eddins.

73. The attack of Plaintiff KHALIF L. on April 10, 2009, outside of the 12th grade principal's office at Logan High School by suspected Decoto gang members further evidences the dangerous conditions present at Defendant NHUSD's educational institutions. The failure of Defendant NHUSD to take reasonable, adequate, necessary, prompt and proper measures to secure and safeguard its premises and to protect the safety of African-American students was the proximate and legal cause of Plaintiff KHALIF L.'s physical injuries.

**WHEREFORE**, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(PLAINTIFF STEVE S. AGAINST NHUSD)**

74. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 73, as though fully set forth at length herein.

75. In doing each and all of the acts alleged herein, NHUSD engaged in a course of conduct which was intentional, extreme and outrageous. NHUSD engaged in said course of conduct with wanton and reckless disregard of the harm or injury that might result to STEVE S.

**WHEREFORE**, Plaintiff STEVE S. prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(PLAINTIFF STEVE S. AGAINST NHUSD)**

76. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 75, as though fully set forth at length herein.

77. In doing each and all of the acts alleged herein, Defendant NHUSD engaged in a course of conduct which was grossly negligent, extreme and outrageous. Defendant engaged in said course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to STEVE S.

**WHEREFORE**, Plaintiff STEVE S. prays for relief as hereinafter set forth.

///

///

**SEVENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(PLAINTIFF KHALIF L. AGAINST NHUSD)**

78.     Plaintiffs refer to and incorporate by reference Paragraphs 1 through 77, as though fully set forth at length herein.

79.     In doing each and all of the acts alleged herein, NHUSD engaged in a course of conduct which was intentional, extreme and outrageous. NHUSD engaged in said course of conduct with wanton and reckless disregard of the harm or injury that might result to KHALIF L.

**WHEREFORE**, Plaintiff KHALIF L. prays for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(PLAINTIFF KHALIF L. AGAINST NHUSD)**

80.     Plaintiffs refer to and incorporate by reference Paragraphs 1 through 79, as though fully set forth at length herein.

81.     In doing each and all of the acts alleged herein, Defendant NHUSD engaged in a course of conduct which was grossly negligent, extreme and outrageous. Defendant engaged in said course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to KHALIF L.

**WHEREFORE**, Plaintiffs pray for judgment against all Defendants, and each of them as follows:

1.     Compensatory and special damages, including damages for mental and emotional distress, and physical injuries, in an amount in excess of $5,000,000.00 to be determined at the time of trial;

2.     Costs of suit incurred herein, including reasonable attorneys' fees;

3.     Injunctive relief against Defendant NHUSD and its agents and employees, enjoining them from denying, or aiding and/or inciting the denial of the civil rights of STEVE S., JESS L., ASSATA G., ELISA G., ROBBIE J., JONATHAN J., KHALIF L., DAVID G., TONSA W., TRACY W., D'ANGELO COLE, DANNY GODFREY and all similarly-situated African-American students attending schools within the New Haven Unified School District on the basis of race, and compelling Defendant NHUSD to take prompt effective remedial action to ensure equal opportunity

1  and a safe educational environment for African-American students;

2      4.    Punitive and exemplary damages against the individual Defendants in an amount

3  appropriate to punish and make an example of Defendants PAT JAUREQUI, DON MONTOYA,

4  MARCUS LAM and GRACE KIM to be determined at the time of trial; and

5      5.    Such other and further relief as the Court deems just and proper.

6  Dated: August 12, 2010        PRICE AND ASSOCIATES

                        /s/ *Pamela Y. Price*
                        PAMELA Y. PRICE, Attorneys for Plaintiffs
ALVETT FOBBS, TEOLA COLEMAN, AUZALEA GODFREY, TOYNICA LEDBETTER, TEREESE SANDERS, TIWANA SMITH, STEVE S., JESS L., ASSATA G., ELISA G., ROBBIE J., JONATHAN J., KHALIF L., DAVID G., TONSA W., TRACY W., D'ANGELO COLE and DANNY GODFREY

# New Haven Unified School District

UNION CITY • SOUTH HAYWARD • (510) 471-1100
34200 ALVARADO-NILES ROAD • UNION CITY • CA 94587



| **BOARD OF EDUCATION** | Jonas Dino, Member | **SUPERINTENDENT** |
|---|---|---|
| Gertrude Gregorio, President | Kevin Harper, Member | Kari McVeigh |
| Gwen Estes, Clerk | Michelle Matthews, Member | |

## NOTICE OF ACTION TAKEN ON CLAIM
### Government Code Section 913

TO:   Alvett Fobbs for Sterling S    _Claimant]
       c/- Pamela Y. Price, Esq.[*Address*]
       Price And Associates
       1611 Telegraph Avenue, Suite 1450
       Oakland, CA 94612

RE:   Claim Filed December 17, 2008 [*date*]

Dear Ms. Fobbs:

Notice is hereby given that the claim you presented to the New Haven Unified School District on December 19, 2008 was REJECTED on December 19, 2008, based on authorization provided by the Board of Education in Resolution No. 083-0708 adopted on March 18, 2008.

WARNING

Subject to certain exceptions, you have only six (6) months from the date this letter was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Dated: December 19, 2008

_____
Signature

Chief Business Officer
Typed Title of Officer

H:\INSURANCE\Claims Against District\Claim Forms\Notice Of Action Taken On Claim.doc

NEW HAVEN UNIFIED SCHOOL DISTRICT

BUSINESS

Administrative Regulation For
Board Policy #B-3320
Exhibit E3320

---

**Dept. FAX Numbers** • Superintendent (510) 471-7108 • Instruction & Special Education (510) 471-0%
• Technology (510) 475-3864 • Personnel (510) 475-3905 • Business (510) 475-3858 • Centralized Enrollment (51

**EXHIBIT A**



Case 4:10-cv-01065-PJH   Document 54   Filed 08/27/10   Page 19 of 20

# New Haven Unified School District

UNION CITY • SOUTH HAYWARD • (510) 471-1100
34200 ALVARADO-NILES ROAD • UNION CITY • CA 94587



**BOARD OF EDUCATION**
Gwen Estes, President
Gertrude Gregorio, Clerk

Jonas Dino, Member
Kevin Harper, Member
Michelle Matthews, Member

**SUPERINTENDENT**
Kari McVeigh

February 25, 2010

Pamela Y. Price, Esq.
Price & Associates
A Professional Law Corporation
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612

Re: L          -In Re Application for Late Claim

Dear Ms. Price:

   Notice is hereby given that the Application for Late Claim your firm submitted on behalf of Mr. Khari L          was hereby denied on February 25, 2009 pursuant to Board of Education Resolution No. 030-0910 adopted on August 18, 2009.

### WARNING

**If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (claims presentation requirement). See Government Code Section 946.6. Such petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied.**

"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."

Sincerely

James O'Connor
Interim Chief Business Officer

---

Dept. FAX Numbers • Superintendent (510) 471-7108 • Instruction & Special Education (510) 4
• Technology (510) 475-3864 • Personnel (510) 475-3905 • Business (510) 475-3858 • Centralized Enrollm

**EXHIBIT B**

| | |
|---|---|
| Price & Associates PLC<br>Attn: Price, Pamela Y.<br>1611 Telegraph Avenue<br>The Latham Square Bldg., #1450<br>Oakland, CA 94612 | Wright, Robinson, Osthimer & Tatum<br>Attn: Horn, Charles H.<br>44 Montogomery Street, 18th Floor<br>San Francisco, CA 94104-4705 |

## Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Ledbetter-Franklin<br>                      Plaintiff/Petitioner(s)<br>      VS.<br>O'Connor<br>                    Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG10507026<br><br>Order<br><br>Motion<br>Granted |

The Motion was set for hearing on 06/14/2010 at 09:00 AM in Department 31 before the Honorable Frank Roesch. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Motion of Plaintiff Toynica Ledbetter-Franklin as GAL for Khalif L., a minor, for Preliminary Injunction on the Petition for Writ of Mandate and Complaint is deemed a Petition for relief from Government Code §945.4 and is, on that basis, GRANTED. The application submitted to New Haven Unified School District was made within one year of the alleged April 10, 2009 assault on Khalif L., who was and is a minor.

Plaintiff shall file suit based upon the late claim within 30 days of issuance of this order.

Dated: 06/14/2010

                                                                                                Judge Frank Roesch

**EXHIBIT C**